ALD-083                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1145
_____

IN RE: HAROLD WARREN,
                                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(D.N.J. Civ. No. 3:22-cv-01790)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 2, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed February 24, 2023)
_____

OPINION[*]
_____

PER CURIAM

Proceeding pro se, Harold Warren filed suit against the World Trade Center

Health Program and the National Institute for Occupational Safety and Health claiming,

among other things, that those entities have denied him healthcare benefits and access to

medical records. Using Form AO 239, Warren applied in the District Court to proceed

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

with his suit in forma pauperis (IFP), i.e. without prepayment of the filing fee. In addition, Warren filed a motion for appointment of pro bono counsel.

The District Court entered an order denying Warren's counsel motion "without prejudice" to renewal once the matter of filing fees was resolved. The District Court later entered an order denying Warren's IFP application because it was incomplete. The District Court provided Warren with a new Form AO 239 and directed him to properly fill it out or else pay the full filing fee.

Instead of submitting a completed Form AO 239, however, Warren next filed a completed Appellate Form 4, which is to be used when a litigant seeks to proceed IFP *on appeal*. The District Court responded with a text order noting that Warren "inadvertently completed the incorrect form," and directing him to file a "new IFP application on form AO 239 by February 12, 2023."

Warren complied with the District Court's latest directive. Simultaneously, though, he filed the petition for a writ of mandamus now before this Court, contending that the District Court mishandled his IFP applications and "wrongfully terminated" his case. Warren's petition also contains argument concerning the merits of the underlying suit, accusations of bias and inordinate delay by the District Court, and a request for appointment of counsel.

We conclude, after careful review of the record and Warren's petition, that he satisfies none of the criteria for mandamus relief. See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (requiring "that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable,

2

and (3) the writ is appropriate under the circumstances") (citation and internal quotation marks omitted); see also SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (noting the oft-stated proposition "that a party's displeasure with legal rulings does not form an adequate basis for recusal"); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996) (denying mandamus petition in part because adjudicatory delay must "rise to the level of a denial of due process" to be redressable with a writ of mandamus). Accordingly, the mandamus petition will be denied. Furthermore, Warren's request for counsel is denied.